IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD SHEMELA, | ) | |
| | ) | |
| v. | ) | CIVIL No.   16-86 |
| | ) | |
| GREAT LAKES WINDOW, INC., a | ) | |
| Wholly owned subsidiary of PLY GEM | ) | |
| INDUSTRIES, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

CONTI, District Judge.

Plaintiff Ronald Shemela ("Shemela") contends that he was fired by his employer, defendant Great Lakes Window, Inc. ("Great Lakes") because of his age and asserts claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634, and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Stat. §§ 951-963.  Great Lakes filed a motion for summary judgment on both claims.  (ECF No. 42)

On January 18, 2018, the magistrate judge submitted a thorough, thirty-page Report and Recommendation ("R&R") (ECF No. 70), which recommended that summary judgment be granted in favor of Great Lakes.  Pending before the court are Shemela's objections to the R&R. (ECF No. 75).  Great Lakes filed a response in opposition to the objections and they are ripe for disposition.

Shemela raises three objections to the R&R: (1) comments by decisionmaker Steven Gore ("Gore") constituted "direct evidence" of discrimination; (2) he satisfied the prima facie case of age discrimination; and (3) the decision to terminate him was a pretext for age discrimination.  The court will briefly address each objection.

1.  Direct Evidence

On November 7, 2014, after several years of poor performance evaluations and being placed on a performance improvement plan, Shemela met with Gore, the Vice President of Sales, to discuss a business plan for Shemela's territory. During the meeting, Shemela raised his concerns about age discrimination by his former manager, Michael Brennan. During this discussion, Gore stated: "I don't know how old you are. Are you up to the challenge?" (ECF No. 70 at 8-9). Shemela contends that this comment constitutes direct evidence of age discrimination. Shemela was terminated eight months later, in July 2015.

As explained in *Palmer v. Britton Industries, Inc.*: "Direct evidence must be sufficient on its own to allow a factfinder to determine that age was the but-for cause of the termination decision. This is a high hurdle; the evidence must demonstrate '*without inference or presumption*' that age discrimination was the but-for cause of termination." *Palmer*, 662 F. App'x 147, 150 (3d Cir. 2016) (quoting *Torre v. Casio, Inc.*, 42 F.3d 825, 829 (3d Cir. 1994)) (emphasis in original). In this case, Shemela – not Gore – introduced the topic of age. Gore's response does not reflect age-based animus. Instead, Gore stated that he does not know Shemela's age and then changed the topic to Shemela's willingness to take on a challenge. There is no indication that Gore thought Shemela was too old to do the job. In sum, Gore's comment is not direct evidence of age discrimination.

The court agrees with the magistrate judge's alternative rationale that the eight-month gap in time between the comment and Shemela's termination further prevents it from being direct evidence. *See Glanzman v. Metro. Mgmt. Corp.*, 391 F.3d 506, 513 (3d Cir. 2004) (immediate supervisor asking employee about her retirement plans ten months prior to termination was not direct evidence of age discrimination).

2.  Prima Facie Case

The magistrate judge stated that to satisfy the "qualified for the position" element of the prima facie case for age discrimination, "a plaintiff must have been 'performing his job at a level that met his employer's legitimate expectations' at the time of the discharge." (ECF No. 70 at 20). The court does not adopt this portion of the analysis.

The magistrate judge quoted dicta from *Detz v. Greiner Industries, Inc.*, 346 F.3d 109, 119 (3d Cir. 2003), which held that a plaintiff was judicially estopped from pursuing an age discrimination claim because he was simultaneously collecting social security disability payments based on a representation that he was unable to work. The language quoted by the magistrate judge originated from jury instructions in an age discrimination <u>demotion</u> case from the Fourth Circuit Court of Appeals. *See Lovelace v. Sherwin-Williams Co.*, 681 F.2d 230, 239 (4th Cir. 1982):

> As adapted for application to jury trial of an ADEA demotion case, this presumption-centered means of proof operates as follows: (a) Plaintiff may establish a "prima facie case" by evidence (i) that he was at the time of demotion "performing his job at a level that met his employer's legitimate expectations" and (ii) that following his demotion his employer sought someone to perform the same work.

*Lovelace* does not correctly state the elements of the prima facie case for an age discriminatory termination in the Third Circuit. To rigidly hold that an employee could not satisfy the prima facie case whenever an employer cited poor job performance as its asserted legitimate, non-discriminatory reason for the discharge would distort the *McDonnell-Douglas* burden-shifting framework. An employee is entitled to show that the employer's asserted "poor performance" reason was pretextual. *See, e.g., Andujar v. Gen. Nutrition Corp.*, No. CV 14-7696(JS), 2018 WL 1087494, at *16 (D.N.J. Feb. 28, 2018) (citing *Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir. 1994)) (after employer proffered the reason for termination as poor work performance, the

burden shifted back to plaintiff to show that the employer's explanation was pretext for age discrimination).

The court concludes that a reasonable jury could find that Shemela was qualified for the position of sales representative, because he held that position at Great Lakes for almost ten years. (ECF No. 70 at 2). *See Binkley v. Kreider*, No. 5:14-CV-6973, 2016 WL 852039, at \*4 & n.7 (E.D. Pa. Mar. 4, 2016) (employee satisfied the "qualified for the position" prong of the prima facie case of age discrimination because he held the position for four years). The issue of Shemela's job performance is better analyzed at the pretext stage of the analysis. The court does not adopt the magistrate judge's recommendation that Shemela failed to satisfy the prima facie case.[1]


3. Pretext

The magistrate judge concluded, in the alternative, that Shemela failed to show that Great Lakes' reason for the termination was pretextual. (ECF No. 70 at 23-29). The court agrees with and adopts this portion of the R&R.

Shemela argues, in essence, that he performed his job well, as evidenced by the "Legacy Reports." Unfortunately for Shemela, the record conclusively demonstrates that the decision makers at Great Lakes based their evaluations of sales representative performance on the "Regional Reports," not the "Legacy Reports." As Shemela recognizes, the Regional Reports painted his sales performance in a "harshly negative light." (ECF No. 75 at 11).

The relevant inquiry is the perception of the decision maker, not the employee's view of his own performance. *Billet v. CIGNA Corp.*, 940 F.2d 812, 825 (3d Cir. 1991); *see Ezold v.*

---

[1] The court will assume that Shemela was replaced by someone sufficiently younger to satisfy the prima facie case because Great Lakes did not challenge this prong. (ECF No. 70 at 21).

*Wolf, Block, Schorr & Solis-Cohen*, 983 F.2d 509 (3d Cir. 1993) (pretext turns on the qualifications and criteria identified by the employer, not the categories the plaintiff considers important). To discredit Great Lakes' proffered reason, the plaintiff cannot simply show that the defendant's decision was wrong or ill-conceived. *Fuentes*, 32 F.3d at 765. Shemela failed to show that Great Lakes' decision to terminate his employment for poor sales performance was a pretext for age discrimination.

Conclusion

The court agrees with the magistrate judge's recommendation that Great Lakes is entitled to summary judgment. The court adopts the report and recommendation as the opinion of the court, as modified herein, except for the magistrate judge's analysis of the prima facie case.

An appropriate order follows.

By the Court:

April 12, 2018
/s/ JOY FLOWERS CONTI
Joy Flowers Conti
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RONALD SHEMELA,                              )
                                             )
                    v.                       )         CIVIL No.   16-86
                                             )
GREAT LAKES WINDOW, INC., a                  )
Wholly owned subsidiary of PLY GEM          )
INDUSTRIES, INC.                             )
                                             )
                    Defendant.               )

## ORDER

AND NOW, this 12th day of April, 2018, upon consideration of the January 18, 2018

Report and Recommendation filed by the magistrate judge, the objections filed by plaintiff, the

response of the defendant, and an independent review of the motions and record, it is HEREBY

ORDERED that for the reasons set forth in the accompanying memorandum opinion,

defendant's motion for summary judgment (ECF No. 42) is GRANTED.  The magistrate judge's

Report and Recommendation is adopted as the opinion of the court in part, as modified and

explained in the opinion.

IT IS FURTHER ORDERED that the clerk shall close the case.


                                   By the Court:

                                   /s/ JOY FLOWERS CONTI
                                   Joy Flowers Conti
                                   United States District Judge